IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | |
|---|---|
| KEITH COLSON and JENNIFER ZICCARDI-COLSON | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) **COMPLAINT**<br>) **(Jury Trial Demanded)** |
| WILDLIFE WOODS CAMPGROUND INC., MARGARET TURNER and WAYNE TURNER, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

Plaintiffs, complaining of the Defendants, allege and say:

## I. INTRODUCTION AND JURISDICTION

1. This is an action brought by Plaintiffs Keith Colson and Jennifer Ziccardi-Colson under 42 U.S.C. §1981. They allege that they were denied an opportunity to purchase a campsite at Defendants' place of business.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §1434, this suit being a proceeding seeking to enforce rights and remedies secured in § 1981. Jurisdiction is also conferred upon this court by §1331.

3. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of Defendants complained of herein, violating rights secured to Plaintiffs by §1981.

## II. PARTIES

4. Keith Colson is an African-American male, and a citizen and resident of Matthews, Mecklenburg County, North Carolina.

5. Jennifer Ziccardi Colson is a Caucasian female, and a citizen and resident of Matthews, Mecklenburg County, North Carolina.

6. Wildlife Woods Campground, Inc. ("Wildlife Woods") is a business organized under the laws of the State of North Carolina which leases campground sites.

7. Wayne Turner is a white male who is the owner of Wildlife Woods, located in Sherrill's Ford, Catawba County, North Carolina. The principal office is located in Mooresville, North Carolina.

8. Margaret Turner is the corporate secretary for Wildlife Woods.

## III. FACTS

9. Plaintiffs Keith Colson and Jennifer Ziccardi-Colson ("The Colsons") are married to each other.

10. The Colsons were friends with Rick and Regina Hampton, a white couple who owned a camper which they had placed on a leased site at Wildlife Woods. In or around May, 2015, Rick Hampton advised the Colsons that the Hamptons were interested in selling the camper. He advised them where the camper was located and gave them the lot number. The Colsons indicated that they wanted to purchase the property and that they would drive by to take a look at the property.

11. Around May 31, 2015, the Colsons visited the campground and looked at the camper owned by the Hamptons as well as viewed the rest of the camp site.

12. On May 31, 2015, when the Plaintiffs visited the property, they obtained a parking pass which allowed them to drive around.

2

13. While on the property on May 31, 2015, the Colsons stopped by the office to inquire about the location of the property that they were interested in purchasing. There they spoke to a woman who they believed to be Margaret Turner. Ms. Turner refused to provide the requested lot information. The Colsons then drove around the campsite in search of the lot.

14. On or about June 10, 2015, the Colsons made another visit to the campsite and solidified their interest in the property.

15. On June 12, 2015, the Colsons returned to the campsite to confirm the availability of other campsites. When Plaintiff Ziccardi-Colson inquired about two properties reflected in the sales book, Margaret Turner told them that both had been sold and immediately removed the sheets from the book.

16. On or about June 12, 2015, the parties negotiated the price for the camper.

17. On or about June 12, 2015, Keith Colson submitted an application by fax to Wildlife Woods.

18. On June 12, 2015, they again visited the property with the express intention of looking at Lot No. 148 which the Hamptons owned. They also decided on that date to explore the opportunity to acquire other properties.

19. On or about June 15, 2015, Plaintiff contacted the Company and was told that the application was denied. Plaintiff sought a reason for the denial and was told that the owner said that "you two can't live here." When the Plaintiff sought a reason for the denial, they were told that they did not have to give a reason. When she was told that the Company did not have to give her a reason, Plaintiff Ziccardi-Colson asked that the owner return a call to her. The owner never

3

called her back. When Ziccardi-Colson called the office again, she was told by the woman who answered the phone that she would not get a call from the owner and that the owner had said "you two can't live here."

20. On their drive through the property, they noted several properties that had "For Sale" signs on them.

21. Upon arrival to the clubhouse, the Colsons were met with disdain by an older white woman who was an employee of Wildlife Woods. Ms. Ziccardi-Colson specifically inquired about the properties in a book listing properties for sale. For every property she inquired about, the employee stated in a contentious manner that each of the properties had been sold. Plaintiff Ziccardo-Colson then inquired about a boat for sale that was displayed on the dry erase board. The employee quickly wiped the board and said in a demeaning manner, "Oh that property has already been sold too."

22. After learning that the Plaintiffs had been denied the opportunity to purchase his property, Rick Hampton called Wildlife Woods to inquire why they had been denied. He was told that a criminal background check had been done on them. Neither Plaintiff consented to a criminal background check being performed.

## IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

23. Plaintiffs hereby re-allege Paragraphs 1 through 22 above.

24. Defendants discriminated against the Plaintiffs on the basis of their race and interracial marriage when it denied them the opportunity to lease a campsite on which a camper owned by the Hamptons had been made available to them for sale. By denying the Plaintiffs the opportunity to lease the campsite, Defendants deprived them of the opportunity to purchase the

4

camper and to lease the campsite. Plaintiffs wanted to lease that campsite for recreational purposes and for emergency housing for Plaintiff Ziccardi-Colson who is a nurse and who works in a hospital not far from the campsite. On days of inclement weather or times when she would have to work double shifts, it would be easier for her to sleep over at the camper and then go to work, rather than to commute the entire distance from her home.

25. Defendants discriminated against the Plaintiffs on the basis of their race and interracial marriage. Upon information and belief, the property the Plaintiffs wished to lease was leased to a white or non-interracial couple. Further, Defendants' actions towards Plaintiffs showed a contemptuous attitude towards them which Plaintiffs believe was motivated by their interracial marital status.

26. Defendants' actions violate §1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981. Defendants' actions were willful and wanton and in reckless disregard for Plaintiff's rights.

27. Because of Defendants' actions, Plaintiffs have suffered economic and non-economic harm and are entitled to compensatory and punitive damages.

## V. **JURY TRIAL DEMAND**

28. Plaintiffs hereby demand a trial by jury.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

a) Declare the actions complained of herein to be illegal;

b) Issue an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants and at their direction from engaging in the unlawful practices set forth herein;

c) Award Plaintiffs damages for the economic and non-economic losses they have suffered;

d) Award Plaintiffs their costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses; and

e) Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiffs.

This 11th day of June, 2018.

*/s/ Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff